John T. GIBSON, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 683S235.

Supreme Court of Indiana.

Dec. 14, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Murder, IC § 35–42–1–1(1) [Burns 1979]. His subsequent negotiations with the prosecutor resulted in a plea agreement that appellant would plead guilty to murder in return for a recommendation of a forty (40) year prison sentence. At the guilty plea hearing, appellant pled guilty and the trial judge sentenced him to forty (40) years imprisonment.

Appellant now claims his guilty plea should be vacated on the grounds that he did not enter it knowingly, voluntarily and intelligently because:

(1) the trial court did not advise him of the possibility of conviction of a lesser included offense if the case were tried to a jury, and

(2) it was induced, in part, by representations to him that without a plea of guilty appellant could be subject to the death penalty.

In reviewing the denial of post-conviction relief, we do not reweigh evidence nor judge the credibility of witnesses. The denial of relief will be reversed only where the judge was presented with uncontradicted evidence leading to but one conclusion, and the trial court arrived at an opposite decision. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *Brown v. State,* (1983) Ind., 443 N.E.2d 316. At the post-conviction hearing the petitioner had the burden of proving by a preponderance of evidence that he was entitled to relief. Ind. P.C.R. 1, § 5; *Davis, supra; Turman v. State,* (1979) 271 Ind. 332, 392 N.E.2d 483.

Appellant cannot predicate his entitlement to relief on an alleged error by the trial court in failing to inform him of lesser included offenses before accepting his plea of guilty to the greater offense of murder.

At the time the guilty plea was entered, the statute read:

"35–4.1–1–3 [9–1204]. Plea of guilty—Defendant advised by court.—The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information *or* to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence *for the offense charged* and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby. [IC 35–4.1–1–3, as added by Acts 1973, P.L. 325, § 4, p. 1750.]" (Our emphasis.)

Appellant argues that unless the record reflects he fully understood the nature and penalty for the lesser included offense of voluntary manslaughter at the moment of entering his plea of guilty, the court erred in concluding he fully understood the effect and consequences of his plea, citing *Davis, supra; Early v. State,* (1982) Ind., 442 N.E.2d 1071; *German v. State,* (1981) Ind., 428 N.E.2d 234. Appellant also alleges his attorney had never discussed lesser included offenses with him. The record of the guilty plea hearing, and his attorney's testimony at the post-conviction hearing, indicate otherwise. The post-conviction court's resolution of this conflicting evidence will not be disturbed on appeal. *Davis, supra.*

Since appellant pled guilty to the charged offense, it was unnecessary for the trial court to make reference to the lesser included offense in ascertaining appellant understood the nature of the charged offense. *Sims v. State,* (1981) Ind.App., 422 N.E.2d 436. The record in the case at bar reflects appellant's statements that he understood the nature and possible penalties for murder. As Justice DeBruler said in *DeVillez v. State,* (1981) Ind., 416 N.E.2d 846, 849, appellant's "knowledge of the true nature

of the greater offense necessarily supplies sufficient knowledge of the true nature of the lesser and included offense ...." Moreover, subsection (d) necessitates only that the accused be advised of the possible maximum and minimum sentence for the offense charged, not for any lesser included offenses.

In *Brown v. State,* (1983) Ind., 443 N.E.2d 316, the appellant Brown argued he should have been allowed to withdraw his plea of guilty to the offense of attempted voluntary manslaughter because he was not informed of the minimum possible sentence which could be imposed if he went to trial and was convicted of the greater offense with which he was charged: attempted murder. Justice DeBruler ably refuted the proposition with the following:

"The record of the guilty plea hearing clearly discloses, however, and defendant does not dispute, that he was advised of the minimum and maximum possible sentences for the crime to which he was pleading guilty—attempted voluntary manslaughter.

"While Ind.Code § 35–4.1–1–3(d) (Burns 1979 Repl.) (recodified in Ind.Code § 35–35–1–2, effective September 1, 1982) requires that the defendant be informed of the possible penalties for the 'offense charged,' it does so solely in the context of receiving a guilty plea. *Likens v. State,* (1978) 177 Ind.App. 101, 378 N.E.2d 24. In *Likens,* the Court of Appeals stated:

" 'Clearly the understanding and therefore voluntary nature of a plea is questionable when the accused is unaware of the penalty he *may* receive if the plea is *accepted....* The reason such understanding is necessary is that the sentence is the consequence of the plea. The same cannot be said regarding advice which concerns charges which are to be dismissed if the plea is accepted.... Thus, it does not follow that the court *must* advise the defendant of potential sentences for offenses to which he will not be subjected if his plea is accepted.' (Original emphasis) *Id.,* 378 N.E.2d at 30.

"Defendant is entitled to be informed of the actual penal consequences of his plea of guilty, not the hypothetical result of a trial on a charge which the State has agreed not to prosecute in return for the plea. Here, defendant's expectations were not thwarted, and he was properly informed of the range of penalties for attempted voluntary manslaughter. The requirement of the statute was satisfied." *Brown* at 318–19.

The appellant in the case at bar also demonstrated on the record that he understood the nature of the offense with which he was charged, and that he also knew the precise maximum and minimum sentences possible upon entering the plea. Appellant received the forty (40) year prison term he bargained for, and cannot now complain that his expectations were thwarted simply because the trial court did not advise him of lesser included offenses and their penalties.

"There is an additional reason for not imposing the requirement that the court when confronted with a proffered plea must advise an accused of all the sentencing alternatives should he instead elect to go to trial. The advice, if given, could be both speculative and misleading since the prosecution is neither bound to submit to the jury every charge in the information, nor is it barred from commencing additional criminal proceedings because the defendant is already charged with a crime. Because of these uncertainties it would be unduly time consuming and still potentially confusing to the accused to impose such a requirement." *Likens, supra,* at 30.

We hold the trial court did not err in failing to advise appellant of included offenses.

Appellant's second contention is that he would not have entered the guilty plea except for his attorney's information that the prosecutor had threatened to seek the death penalty if the case proceeded to trial. The offense charged did not carry the possible punishment of the death penalty. Appellant therefore urges invalidation of his

guilty plea because it was based upon a misapprehension of applicable sentencing provisions, particularly since the prospective punishment would not have. been warranted under the circumstances. *Nash v. State,* (1981) Ind.App., 429 N.E.2d 666.

In *Nash* the Court of Appeals said, quoting *Lassiter v. Turner,* (4th Cir.1970) 423 F.2d 897, 900, *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90,

"a threat by a prosecutor to do what the law will not permit, if it motivates a defendant ignorant of the impossibility, renders the plea involuntary." *Nash, supra,* at 671.

 A bargain motivated by such improper threat is deemed to be illusory and results in a denial of substantive rights. *Nash, supra.* However, the *Nash* case is distinguishable on two grounds from the case at bar. The appellant herein could have been subject to the death penalty had the prosecutor amended the information to include the charge of murder during the commission of criminal deviate conduct, or in the commission of rape. IC § 35–50–2–9(b)(1) [Burns 1979]. Evidence presented at the bail bond hearing and statements given by appellant supported such amendment.

Secondly, the attorney representing appellant at the guilty plea hearing testified at the post-conviction hearing that although he relayed the prosecutor's threat to appellant, he advised appellant. the death sentence was not warranted under the circumstances. The attorney also had appellant testify on the record at the plea hearing:

"Q Now I want you to state into the record and tell the Court again that you understand fully that you've been advised by your lawyer that you probably would have nothing to lose by going to trial in this case, that you'd probably get the forty years anyway but you wanted to do that notwithstanding that advice. Is that correct?

"A Yes, I do understand.

"Q And what is your reason for wanting to do that, sir?

"A Because I think that the plea bargain is a fair arrangement and that would be roughly the amount of time that I'd receive anyway.

"Q And for no other reason, is that correct?

"A Yes sir."

We find that the post-conviction court had sufficient evidence before it to reasonably conclude appellant's guilty plea was not obtained by an improper threat from the prosecutor, nor from misinformation or misadvice from appellant's attorney.

The trial court is affirmed.

All Justices concur.