**Robert FARRELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 585S217.**

Supreme Court of Indiana.

July 21, 1986.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On July 20, 1979, Defendant-Appellant Robert Farrell was charged in the Tippecanoe Superior Court, No. I with the crime of murder. Appellant entered a plea of not guilty on August 30, 1979. On January 17, 1980, a few days before trial was to begin, Appellant Farrell filed a written motion with the court to withdraw his not guilty plea and enter a guilty plea to murder. This motion was in writing and signed by Appellant in the presence of his counsel in open court. On that same date he entered his plea of guilty to murder. The motion he filed set out that he had entered into plea negotiations with the State which culminated in his decision to plead guilty as charged in exchange for the State's promise to argue for no more than a thirty-five (35) year sentence. It was further understood that Appellant would request that he be given the minimum sentence for murder which was thirty (30) years. In Paragraph 8(c) of his motion, Appellant represented to the court that he understood that the Constitution guaranteed, him "... the right to the presumption of innocence and to force the State to prove the charge against me beyond a reasonable doubt." Appellant subsequently was sentenced to a term of thirty (30) years by the court.

On September 23, 1983, Appellant filed his *pro se* petition for post-conviction relief. On October 3, 1983, the State Public Defender appeared on Appellant's behalf. After an evidentiary hearing on April 9, 1984, the trial court denied the petition for post-conviction relief on April 30, 1984. Appellant's motion to correct error was denied and this appeal follows. Appellant presents two issues for our review:

1. failure of the trial court meaningfully to advise Appellant of the State's burden of proof; and

2. acceptance by the trial court of Appellant's plea of guilty to murder without fully advising him of the true nature of that offense.

In reviewing the denial of post-conviction relief we do not reweigh evidence nor do we judge the credibility of witnesses. The denial of relief would be reversed only where the judge was presented with uncontradicted evidence leading to but one conclusion and the trial court arrived at an opposite conclusion. *Gibson v. State* (1983), Ind., 456 N.E.2d 1006, 1007; *Davis v. State* (1983), Ind., 446 N.E.2d 1317, 1320; *Brown v. State* (1983), Ind., 443 N.E.2d 316, 319. At the post-conviction relief hearing the petitioner has the burden of proving by a preponderance of evidence that he was entitled to relief. *Gibson,* Ind., 456 N.E.2d at 1007; *Davis,* Ind., 446 N.E.2d at 1319; *Turman v. State* (1979), 271 Ind. 332, 338, 392 N.E.2d 483, 487; Ind. P.C.R. 1 § 5.

I

■ Appellant does not deny that the trial court thoroughly advised him of all his rights and his waiver of those rights in entering a guilty plea pursuant to Ind.Code § 35–4.1–1–3. This statute has since been repealed and replaced with Ind.Code § 35–35–1–2. The only question raised by Appellant about those advices is in regard to § 35–4.1–1–3(c). The court advised the Appellant: "At the trial of this cause the State of Indiana must be proved beyond a reasonable doubt that you committed the offense charged before you can be convict-ed of the offense charged." (sic). Appellant claims this statement was not meaningful in that it so erroneously stated the law that he might have inferred that he bore the burden of proof at trial. Appellant does not state that he *was* misled but only that he might have been misled. An examination of the record, however, indicates that the trial judge's statement was not so misleading, and, more importantly, did not mislead this appellant. In paragraph 8(c) of Appellant's motion, he represented to the court that he understood the right to the presumption of innocence and to force the state to prove the charge against him beyond a reasonable doubt. This presents a strong inference that Appellant was familiar with the State's burden of proving the charge against him beyond a reasonable doubt. *Martin v. State* (1985), Ind., 480 N.E.2d 543, 546; *Ford v. State,* (1985), Ind., 479 N.E.2d 1307, 1309; *Creager v. State* (1985), Ind., 479 N.E.2d 47, 48. Further, the statement made by the court, although not precisely in the language of the statute, was sufficient to inform the appellant of the State's burden. When asked whether he understood the rights as explained to him, including the statement in paragraph 8(c) of his motion, Appellant indicated he did understand. Furthermore, Appellant stated, at the post-conviction relief hearing, that he was aware at the guilty plea hearing of the State's burden to prove his guilt beyond a reasonable doubt. It is clear that Appellant knew of the State's burden of proof with respect to the charge against him. Accordingly, no error is presented on this issue.

II

■ Appellant next argues that the trial court failed to advise him of the true nature of the crime of murder. In supporting the factual basis for the guilty plea pursuant to Ind.Code § 35–4.1–1–4, the trial court heard evidence from Appellant and other witnesses regarding the facts surrounding the commission of the crime. The trial court read to Appellant the charg-

ing information and the statute defining murder. Appellant stated he understood both of these and also stated he was aware that by pleading guilty he was admitting the truth of all the facts set forth in the information. His claim now is that the evidence more properly supported a guilty plea of voluntary manslaughter because it showed he was acting in a sudden heat. It is the State's contention that Appellant pleaded guilty to the crime of murder which was the crime with which he originally was charged. Therefore it was unnecessary for the trial court to go into any lesser included offenses in determining that Appellant understood the nature of the charged offense to which he was pleading. *Gibson*, (1983), Ind., 456 N.E.2d at 1007. We agree. The record here indicates clearly that Appellant understood the nature and possible penalties for murder. It therefore was necessary only that the trial court advise Appellant of the possible maximum and minimum sentence for the offense charged, not for any lesser included offenses, and for the trial court to determine that he fully understood that charge. *Id.* at 1008; *Likens v. State* (1978), 177 Ind.App. 101, 109, 378 N.E.2d 24, 30, *reh. denied* (1978); Ind.Code § 35–4.1–1–3(c) (Burns 1979). Appellant admitted that he obtained a shotgun at the place where his wife was staying, went to his own residence and obtained the shells and looked up the victim and shot him with a shotgun. Though there was conflict between his version and that of other witnesses, there was more than adequate evidence for the court to find that the facts sustained a plea of guilty to murder. There is therefore no merit to Appellant's assertion that there was some evidence of provocation or sudden heat from which the trial court should have advised Appellant of the State's burden concerning this mitigating factor. Appellant was fully questioned and advised by the court regarding the voluntariness and factual basis for his guilty plea pursuant to Ind.Code § 35–4.1–1–4. He was informed of the minimum and maximum possible sentences for the offense charged and stated he fully understood them. The prosecutor stated that because of the fact that Appellant lacked a prior criminal record and because of his attitude at the time of the trial, the State was not inclined to request the maximum penalty for murder but would limit its request to thirty-five (35) years. Appellant, in view of all the circumstances here, requested the court to accept the guilty plea and sentence him to the minimum term of thirty (30) years. The trial court accepted the guilty plea pursuant to the plea agreement and sentenced Appellant to thirty (30) years. We find from examining the entire record here that Appellant was very thoroughly advised of all of his rights and was fully aware that he was waiving those rights in entering this plea. The findings and sentence of the trial judge here are fully supported by the record. Appellant accordingly has presented no grounds for relief in this petition.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.