John HILL, Appellant–Defendant,

v.

David J. FITZPATRICK, d/b/a David J. Fitzpatrick and Associates, Kenneth J. Allen and Kenneth J. Allen and Associates, P.C. and Conseco Life Insurance Company, Appellees–Defendants,

and

Neal Lewis, Appellee–Plaintiff.

No. 64A03–0407–CV–322.

Court of Appeals of Indiana.

May 12, 2005.

Brock P. Alvarado, Valparaiso, IN, Attorney for Appellant.

Steven K. Huffer, Indianapolis, IN, Attorney for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Brock P. Alvarado ("Attorney Alvarado"), counsel for Defendant–Appellant John Hill ("Hill"), appeals from the trial court's order requiring Alvarado to pay $665.00. in discovery sanctions to Steven K. Huffer ("Attorney Huffer"), counsel for Defendant–Appellee Conseco Life Insurance Company ("Conseco").

The facts most favorable to the trial court's order reveal that on February 18, 2004, Attorney Alvarado served notice of the taking of the deposition of the plaintiff, Attorney Neal Lewis ("Lewis"), in the underlying action on April 2, 2004, in Valparaiso, Indiana, in the offices of Kenneth J. Allen & Associates, P.C. where Attorney Alvarado was employed. On February 23, 2004, Attorney James, Lewis's counsel, mailed a letter to Attorney Alvarado in which he indicated that he would not be available for Lewis's deposition, and requested that Attorney Alvarado reschedule the deposition for another date.

On April 2, 2004, Attorney Huffer drove from Indianapolis to Valparaiso to attend the deposition. Attorney Huffer had not been advised of any scheduling issues involving the deposition. Lewis was not deposed on that date. While at Attorney Alvarado's office, Attorney Huffer was shown and given a copy of the letter from

Attorney James requesting the rescheduling of Lewis' deposition.

Attorney Huffer wrote a letter to Attorney Alvarado requesting to be reimbursed in the amount of $665.00 for the working time he lost traveling to the failed deposition. Attorney Huffer stated in the letter that he was trying to resolve the discovery dispute pursuant to Ind. Trial Rule 26(F) before submitting the dispute to the trial court. Attorney Alvarado wrote a letter to Attorney Huffer in which he claimed that Attorney Huffer should be seeking compensation from Lewis and Attorney James pursuant to T.R. 37(D). Attorney Alvarado stated in that letter dated April 8, 2004, that he was ready to proceed with the deposition, but the deposition could not go forward because Attorney James and Lewis failed to appear. On April 19, 2004, Attorney Huffer filed a verified motion for discovery sanctions.

A hearing was held on the motion for discovery sanctions, as well as other pending motions, on April 27, 2004. The trial court took several of the issues presented at the hearing under advisement. On June 4, 2004, the trial court issued its order which in relevant part ordered Attorney Alvarado to pay $665.00 to Attorney Huffer. The trial court relied upon T.R. 30(G)(1) for authority.

■ Attorney Alvarado appeals, pursuant to Ind. Appellate Rule 14(A)(1), from this part of the trial court's order claiming that the trial court improperly relied upon T.R. 30(G)(1). Attorney Alvarado contends that the trial rule does not provide for the payment of sanctions from one attorney to another attorney. He argues that the rule provides for compensation from one party to another, and that any compensation should flow from Lewis to Huffer's client, Conseco.

T.R. 30(G)(1) provides as follows:

If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay such other party the amount of the reasonable expenses incurred by him and his attorney in so attending, including reasonable attorney's fees.

Furthermore, Professor Harvey has commented as follows:

Rule 30(G) speaks about the failure to attend, or to serve a subpoena and the expenses that are incurred when this occurs. Generally, the trial court may shift the financial loss which a party and his attorney incur when the opposite party who gave notice of the taking of a deposition fails to attend. The trial court may impose a variety of other remedies for the failure to follow the Trial Rules, including this one. However, Rule 30(G) speaks to the specific remedy of shifting financial loss in this situation, and that includes the reasonable expenses incurred by the party and his attorney in so attending, including a reasonable attorney fee.

\* \* \*

Rule 30(G) is not an exclusive remedy in the situations which it describes. Rules 26(C), 30(D), 37, and the appellate review criteria that are used when reviewing a trial court's discretion or order, give the Indiana trial court has[sic] almost plenary power over the pre-trial and trial of a case insofar as discovery is concerned.

2A W. Harvey, Indiana Practice § 30.11 at 441–442 (2000).

Attorney Alvarado technically was in attendance for the failed deposition since the deposition was to take place in the offices where he was employed. The trial court

emphasized in the order that Attorney Alvarado failed to *proceed* with the deposition. T.R. 30(G)(1) says that the trial court "may order the party giving the notice" to compensate another party and/or his attorney for their reasonable expenses in attending a failed deposition. However, the trial court is not limited to this remedy for the violation of this trial rule. As mentioned by Professor Harvey, what T.R. 30(G)(1) specifically suggests is a shift in the financial loss brought about by the violation of the trial rule. To the extent that the trial court's order shifts the financial loss suffered by Huffer, the trial court did not abuse its discretion.

Although T.R. 37 does not squarely address the situation in the present case, it does illustrate some of the means specifically authorized by rule that a trial court has at its disposal in penalizing noncompliance with discovery. For example T.R. 37(D) provides in part as follows regarding a party's failure to attend their own deposition:

> ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, ... In lieu of any order or in addition thereto, the court shall require the party failing to act *or the attorney advising him* or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust ... (emphasis supplied).

T.R. 37(D) requires the trial court to compel the party who is the deponent or the attorney representing the party who is the deponent or both to pay the reasonable expenses of those parties and attorneys who suffer a financial loss for attending the failed deposition. Also T.R. 37(A)(4)

provides in part as follows regarding compelling discovery:

> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party *or attorney advising such conduct* or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order ... (emphasis supplied).

Again, the trial court is required to compel a party or deponent or attorney to pay to the aggrieved party the reasonable expenses incurred as a result of the discovery violation.

▇▇▇ A trial court enjoys broad discretion when ruling upon discovery matters and we will interfere only where an abuse of discretion is apparent. *Davidson v. Perron,* 756 N.E.2d 1007, 1012 (Ind.Ct. App.2001). An abuse of discretion occurs where the decision is against the logic and natural inferences to be drawn from the facts of the case. *Id.* Because of the fact-sensitive nature of discovery issues, a trial court's ruling is cloaked with a strong presumption of correctness. *Id.*

In the present case, the trial judge had before him evidence that Attorney Alvarado was the attorney who gave notice of the taking of Lewis's deposition. That notice was dated February 18, 2004. Attorney James responded by a letter dated February 23, 2004, that he would be unavailable on the proposed date, and wanted to reschedule his client's deposition. Attorney Huffer showed up on April 2, 2004, the date originally set for Lewis's deposition and over a month after Attorney Alvarado became aware of the scheduling problem, to find that they were not going to proceed with the deposition. Attorney Alvarado or his staff supplied Attorney Huffer with a copy of the letter requesting that the deposition be rescheduled. At the hearing on the motion for discovery sanctions, Attor-

ney Alvarado attempted to shift the blame for the failed deposition on Attorney James for asking to reschedule the deposition date.

The trial court did not abuse its discretion in ordering Attorney Alvarado to pay Attorney Huffer the sum of $665.00. As the trial judge stated in relevant part in his order:

> Mr. Alvarado had an obligation, to say nothing of a duty of common courtesy, to notify all parties of the change in schedule. Mr. Huffer relied on the scheduled deposition that was not conducted, incurred costs, and attempted to resolve the matter amicably with Mr. Alvarado. Mr. Huffer requested a moderate amount of Six Hundred Sixty–Five dollars from Mr. Alvarado and his office, to no avail. Brock Alvarado is hereby ordered to pay Steven Huffer the amount of Six Hundred Sixty–Five dollars ($665).

Appellant's App. pp. 34–35.

The obligation to pay the court-ordered discovery sanction belongs to Attorney Alvarado and not his client. Furthermore, the obligation to pay for this appeal relating to the sanction assessed against Attorney Alvarado belongs to Attorney Alvarado and not his client.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.