## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Ruth Johnson
Matthew D. Anglemeyer
Marion County Public Defender Agency
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Petitioner,*

v.

M.P.,

*Appellee-Respondent.*

May 13, 2015

Court of Appeals Case No. 49A02-1411-JV-777

Appeal from the
Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Geoffrey A. Gaither, Magistrate

Cause No. 49D09-1406-JD-1642

**Kirsch, Judge.**

[1] In a delinquency proceeding against M.P., a witness essential to the State's case failed to appear at two scheduled depositions. The juvenile court granted M.P.'s request to exclude the witness's testimony, and, thereafter, the juvenile

court granted the State's motion to dismiss without prejudice. The State now appeals, asserting the following restated issue: whether the juvenile court abused its discretion when, as a discovery sanction, it excluded the witness's testimony.

[2] We affirm.

## Facts and Procedural History

[3] In June 2014, the State filed a petition alleging that M.P. was a delinquent child for committing battery,[1] which would be a Class A misdemeanor if committed by an adult. The petition stemmed from an alleged altercation with N.D., who prior to that time had been M.P.'s girlfriend. M.P. filed a notice of his intent to rely upon self-defense. At the pre-trial hearing, M.P. requested a copy of the police report that contained witness information, including N.D.'s address. Over the State's objection, the magistrate ordered that the police report be released to M.P. *Appellant's App*. at 35. The State filed a motion to reconsider and rescind the magistrate's discovery order, and following a hearing, the juvenile court vacated the discovery order to produce the police report, and, on August 8, 2014, it ordered the State to produce a redacted copy of the police report and to make N.D. available for deposition or interview upon reasonable notice. *Id*. at 56.

---

[1] *See* Ind. Code § 35-42-2-1.

[4]     On that same date, counsel for M.P. arranged to take the taped statement of N.D. on August 26, 2014, and she emailed the prosecutor with the scheduled date of the taped statement. *Id.* at 72. On the following business day, August 11, M.P.'s counsel delivered a file-stamped copy of the notice and subpoena to the State. M.P.'s counsel requested that the State provide her with proof of service, pursuant to Indiana Trial Rule 4.1; however, the State sent the subpoena by mail. *Id.* at 77. The planned August 26 taped statement was confirmed at the August 25 pretrial hearing. *Id.* at 65.

[5]     The next day, N.D. did not appear for her taped statement. Her explanation was that she forgot the subpoena at home and did not know the address for the deposition. On September 8, M.P. filed a motion to exclude N.D.'s testimony based upon her failure to appear, and the State objected. On September 10, the trial court set the matter for a pretrial hearing, and it scheduled the denial hearing for September 22, 2014. At the September 17, 2014[2] pretrial hearing, the juvenile court took M.P.'s motion to exclude testimony under advisement and reset the denial from September 22 to October 21, 2014. *Id.* at 83.

[6]     The next day, September 18, M.P.'s counsel arranged for the deposition of N.D. to take place on October 9, 2014, and M.P.'s counsel emailed the State

---

[2] We note that the September 17 pretrial was originally set for September 15, 2014. On September 15, the prosecutor was present, and although M.P.'s counsel was not, another attorney from the public defender's office was there in her place. Witness N.D. and her mother were also present in court. M.P. moved for a continuance, which the juvenile court granted and reset the pretrial to September 17. *Appellant's App.* at 79-81.

with that information. The State sent N.D. a subpoena, notifying her of the October 9 deposition. *Id.* at 100-02. On October 6, N.D. appeared for the deposition, three days early, and she was informed that she had appeared on the wrong day. On October 8, the prosecutor confirmed with M.P.'s counsel that N.D. was aware of and "knew she needed to attend" the October 9 deposition. *Id.* at 89. On October 9, counsel for M.P was at the predetermined location for the deposition, but N.D. did not appear. The prosecutor notified M.P.'s counsel at 9:02 a.m. that the State had received word from N.D. and/or her mother that their car had run out of gas or was unable to get them to the deposition. The State arranged for a taxi to pick them up and get them to the deposition, and the prosecutor notified M.P.'s counsel that it anticipated N.D. to arrive by 10:00 a.m. M.P.'s counsel replied that the delay was not acceptable. She later explained to the juvenile court, and asserts to this court, that she had other legal commitments that day that precluded her from waiting, and, further, she was ill and in pain on the day in question and later sought medical attention.

[7] On October 10, the day after N.D. failed to appear, M.P.'s counsel filed a second motion to exclude N.D.'s testimony. At the subsequent attorneys-only pretrial hearing on October 14, 2014, the State maintained that there was no deliberate conduct or bad faith on the part of the State, and, in fact, it had done everything in its power to comply and have N.D. appear at the dates for her taped statement and deposition. *Tr.* at 4-5. Therefore, the State urged, excluding N.D.'s testimony would be an extreme, and not a proper, remedy.

M.P. argued that for months he had repeatedly sought, but had been unable to, obtain a statement from N.D., initially because the State would not provide a police report with her address, and later when N.D. failed to appear for two scheduled depositions of which she had notice. M.P. asserted that he suffered prejudice by having his denial hearing set outside sixty days.[3] *Id.* at 2-3, 7.

[8] The juvenile court granted M.P.'s motion to exclude N.D.'s testimony, which effectively precluded the State's prosecution, and the State filed a motion to dismiss the delinquency petition without prejudice, which the juvenile court granted. The State now appeals.

## Discussion and Decision

[9] The State contends that the trial court "clearly erred" by granting M.P.'s motion to exclude witness testimony, which was essential to the State's prosecution. *Appellant's Br*. at 6. Trial courts have broad latitude with respect to discovery matters, and their rulings receive great deference on appeal. *Cain v. State*, 955 N.E.2d 714, 718 (Ind. 2011). We will affirm a trial court's rulings absent clear error and resulting prejudice. *Id*. As the conduct and equities will vary with each case, we generally leave the determination of proper sanctions to the sound discretion of the trial courts. *Wright v. Miller*, 989 N.E.2d 324, 330

---

[3] M.P. was referring to what is sometimes called "the Sixty-Day Rule" found in Indiana Code section 31-37-11-2(b), which provides, in relevant part, that when the child alleged to be delinquent is not in detention, either a fact-finding hearing or a waiver hearing must be commenced within sixty days after the petition is filed, excluding weekends and legal holidays. *A.S. v. State*, 929 N.E.2d 881, 889 (Ind. Ct. App. 2010).

(Ind. 2013). Because of the fact-sensitive nature of discovery issues, a trial court's ruling is cloaked with a strong presumption of correctness. *Hill v. Fitzpatrick*, 827 N.E.2d 138, 141 (Ind. Ct. App. 2005).

[10] The State contends that the exclusion of N.D.'s testimony was an extreme remedy, and not warranted, because there was no evidence that the State engaged in deliberate or bad faith behavior that prejudiced M.P. Therefore, it claims, we must reverse. We recognize that in *Wiseheart v. State*, 491 N.E.2d 985 (Ind. 1986), where the trial court excluded four defense witnesses for failure to disclose them prior trial, our Supreme Court had occasion to address the exclusion of a witness as a discovery sanction, and it stated that "the primary factors which a trial court should examine are whether the breach was intentional or in bad faith and whether substantial prejudice has resulted." *Id.* at 988; *see also Cain*, 955 N.E.2d at 718-20 (where co-defendant reached last-minute plea agreement with State and State had listed him as potential witness, trial court was within its discretion to deny defendant's motion to exclude co-defendant's testimony because there was no showing that State's actions were deliberate or reprehensible and that defendant was prevented from receiving fair trial). Because the exclusion of defense witnesses raises Sixth Amendment concerns, the *Wiseheart* Court then articulated a nonexclusive list of factors from which trial courts should evaluate the exclusion of witnesses for discovery

violations, noting that some of the factors would be inapplicable to a certain set of facts or other factors might be relevant in a given case.[4] *Id.* at 991.

[11] More recently, our Supreme Court observed in *Wright*, where the Court reviewed the trial court's discovery sanction in a medical malpractice action that struck the patient's expert witness, that the *Wiseheart* factors "can be a valuable guide," but cautioned against "a formulaic application of these factors" as that could "deemphasize[] the general discretion of the trial court." *Wright*, 989 N.E.2d at 329. In analyzing the issue, the *Wright* Court observed,

> Indiana's trial courts decide over 1.5 million cases per year statewide, and have done so consistently for the past decade. 1 Ind. Jud. Serv. Rep. 2011: Jud. Year Rev. 97 (2012). Managing such a heavy volume demands robust court docket management and insistence upon compliance with the discovery rules, which are specifically intended to minimize the need for judicial involvement.

---

[4] Although we do not have Sixth Amendment claims before us, we nevertheless note the five *Wiseheart* factors as follows:

(1) Whether the nature of defendant's violation was trivial or substantial. The trial court should consider when the witness first became known to defense counsel.

(2) How vital the potential witness' testimony is to the defendant's case. The trial court should determine the significance of the proffered testimony to the defense. Is the testimony relevant and material to the defense or merely cumulative?

(3) The nature of the prejudice to the State. Does the violation have a deleterious impact on the case prepared by the State?

(4) Whether less stringent sanctions are appropriate and effective to protect the interest of both the defendant and the State.

(5) Whether the State will be unduly surprised and prejudiced by the inclusion of the witness' testimony despite the available and reasonable alternative sanctions (e.g., a recess or a continuance) which can mitigate prejudice to the State by permitting the State to interview the witnesses and conduct further investigation, if necessary.

*Wiseheart v. State*, 491 N.E.2d 985, 991 (Ind. 1986).

*Id.* at 327. The *Wright* Court was clear that sanctions should not be imposed when circumstances make sanctions unjust, but it was mindful that

> [t]rial judges stand much closer than an appellate court to the currents of litigation pending before them, and they have a correspondingly better sense of which sanctions will adequately protect the litigants in any given case, and likewise what sanctions are appropriate toward maintaining its dignity, securing obedience to its process and rules, rebuking interference with the conduct of business, and punishing unseemly behavior[.]

*Id.* at 330 (internal citations and quotations omitted). While continuing to emphasize the importance of deference to a trial court's discovery decisions, the *Wright* Court ultimately reversed the trial court's exclusion of the patient's expert, because even though the patient failed to include the expert on any witness list, the record reflected that defendants were well aware that the patient intended to use that expert at trial and were attempting to secure a new one due to health issues suffered by the expert. *Id.* at 331.

The underlying purposes of the Trial Rules' discovery provisions are to provide for a minimum of court involvement in the discovery process and to allow for a liberal discovery procedure. *Id.* at 327 (discovery rules intended to minimize judicial involvement); *Gonzalez v. Evans*, 15 N.E.3d 628, 634 (Ind. Ct. App. 2014), *trans. denied*. However, Indiana Trial Rule 37 provides trial courts with mechanisms to ensure compliance with trial rules and obedience to its order. *Wright*, 989 N.E.2d at 327. For instance, Indiana Trial Rule 37(B) permits the trial court to "make such orders . . . as are just," including "prohibiting [the

disobedient party] from introducing designated matters into evidence[.]" *Id.*
We have observed,

> Rules 26(C), 30(D), 37, and the appellate review criteria that are used
> when reviewing a trial court's discretion or order, give the Indiana trial
> court [] almost plenary power over the pre-trial and trial of a case
> insofar as discovery is concerned.

*Hill v. Fitzpatrick*, 827 N.E.2d 138, 140 (Ind. Ct. App. 2005) (quoting 2A W.

Harvey, Indiana Practice § 30.11 at 441-442 (2000)).

[14] We are aware that, generally, the preferred remedy for a discovery violation is a continuance or some preliminary sanction. *Cain*, 955 N.E.2d at 718. However, that already happened here. Early in the proceedings, M.P. attempted to obtain witness contact information – needed to prepare for the final fact-finding hearing – by asking the State for the police report. The magistrate permitted the release of it, but the State opposed that order and asked that it be rescinded. A hearing followed, which delayed the case, and the juvenile court ordered the State to produce a redacted police report but make N.D. available for taped statement or deposition. On August 8, 2014, M.P. arranged for N.D.'s taped statement to take place on August 26; notice was provided to N.D., but she did not appear. She told the State that she forgot the subpoena at home and, therefore, did not know where to appear for the statement. The denial hearing date was continued, from the original date of September 22, 2014 to October 21, 2014. On September 18, M.P. scheduled the deposition of N.D. to take place on October 9. Despite having notice, N.D. did not appear for that

deposition either, contacting the State at the scheduled deposition time to report that her mother's car was out of gas or otherwise inoperable.[5]

[15] At the hearing on M.P.'s motion to exclude N.D.'s testimony, M.P.'s counsel argued that M.P. had been prejudiced due to the State's failure to present its witness for deposition as ordered twice by the juvenile court, and because of delays and N.D.'s failure to appear, M.P. did not receive his denial hearing within sixty days. M.P.'s counsel said, "[T]he State wants to say that I am not being flexible however I keep setting them, I keep showing up and they keep not appearing," and she queried, "[H]ow many times do we need to keep setting these . . . and appearing and sitting there waiting." *Tr.* at 2, 6. She then added, "And you know it is common that after two no shows that witnesses are excluded." *Id.* at 6. The State responded that none of the failures to appear were deliberate or in bad faith, and it urged the juvenile court that excluding N.D. would not be the proper remedy. Having heard the arguments and reviewed the pleadings, the juvenile court determined the appropriate remedy was to exclude N.D.'s testimony. Given the great deference that we extend to our trial court colleagues in ruling on discovery matters, and understanding the

---

[5] We note that some portions of the record indicate that on the morning of the October 9 deposition, the State received a telephone call from N.D.'s mother stating that the car was out of gas, *Appellant's Br.* at 4, 8, 11; *Appellant's App.* at 106, and that the State sent a taxi cab to transport them. However, the hearing transcript indicates that the State went looking for N.D.: "[T]heir car broke down, they ran out of gas and couldn't get here. When the State went down there, she was at her neighbor's house attempting to call the State at that time and called the State's office number." *Tr.* at 4; *see also id.* at 2 (public defender stating that prosecutor told her that because there was no answer on the phone when he called, he and detective went to N.D.'s house but she was not there).

necessity of requiring parties to follow trial court's deadlines and orders, we cannot say that the decision to exclude N.D.'s testimony was clearly against the logic and effect of the facts and circumstances, and we find no abuse of discretion occurred in this case. *See Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 400 (Ind. Ct. App. 1997) (no abuse of discretion where trial court dismissed case after witness failed to appear at two noticed depositions), *trans. denied*; *see also Wright*, 989 N.E.2d at 332 (David, J. dissenting) (rejecting formulaic adherence to *Wiseheart* factors and finding no abuse of discretion in trial court's decision to, as discovery sanction, exclude plaintiff's expert witness).

[16] Even assuming that the juvenile court's decision to exclude N.D.'s testimony constituted error, which effectively precluded prosecution, the ensuing dismissal was without prejudice. *Appellant's App*. at 115. Therefore, the State may refile its delinquency petition, if desired. *See e.g.*, Ind. Code § 35-34-1-13 (granting of prosecutor's motion to dismiss does not bar subsequent trial of defendant on offense charged if defendant's substantial rights not violated); *State v. I.T.*, 4 N.E.3d 1139, 1141 (Ind. 2014) (noting that trial court gave State ten days to refile delinquency petition, after trial court had granted juvenile's motion to dismiss delinquency petition because State had relied upon statements that juvenile had made to therapist during court-ordered treatment, but State chose to appeal); *Hollowell v. State*, 773 N.E.2d 326, 331 (Ind. Ct. App. 2002) (after having previously dismissed charges due to missing essential witness, State refiled information with additional charges, but defendant was not prejudiced

and not entitled to dismissal of charges).  Accordingly, in this case, any error in excluding N.D.'s testimony was harmless.

[17]     Affirmed.


Vaidik, C.J., and Bradford, J., concur.