Daniel HEMPHILL, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 783 S 255.

Supreme Court of Indiana.

April 3, 1984.

Susan K. Carpenter, Public Defender, Richard Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of second-degree murder and sentenced to a term of life imprisonment. His conviction was affirmed by this Court in *Hemphill v. State,* (1979) 270 Ind. 590, 387 N.E.2d 1324. The trial court denied appellant's petition for post-conviction relief. This is an appeal from the adverse decision on that petition.

Appellant claims that he was denied the effective assistance of counsel. He alleges this ineffectiveness is demonstrated by trial counsel's failure to secure a continuance as a matter of right, and failure to offer evidence of an important State's witness' bias against appellant.

We have previously held that the proper test of adequacy of representation, taking a totality of the circumstances approach, is the "mockery of justice" standard, as modified by the "adequate legal representation" standard. *Adams v. State,* (1982) Ind., 430 N.E.2d 771; *Hollon v. State,* (1980) 272 Ind. 439, 398 N.E.2d 1273.

Appellant argues that trial counsel's failure to secure a continuance as a matter of right, where a material witness was absent, deprived him of the only testimony which would have verified his testimony and contradicted that of the State's eyewitness. His attorney had been granted one thirty-day continuance, but was denied a second continuance. This Court previously noted that neither motion complied with IC § 35-1-26-1 [Burns 1979 Repl.] (Repealed 1982) to any substantial degree. *Hemphill, supra.*

The record reveals that trial counsel knew of a lounge which the absent witness frequented, and during the continuance attempted to locate her there. He also received a telephone message from her. Appellant contends that had his attorney demonstrated to the trial judge that the witness was in close proximity and on the verge of cooperation, the second continuance would have been granted.

The post-conviction judge concluded that even a formal motion would have been denied by the trial court because appellant's attorney was unable to represent to the court that the witness would be available within a reasonable time as required by statute. The decision of the post-conviction judge will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Johnson v. State,* (1983) Ind., 453 N.E.2d 975; *Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37. The absent material witness had given a false name and a false address to the police. The police had been unable to locate her to serve a warrant. Clearly the evidence was conflicting as to the availability of the witness. As the post-conviction judge is the sole judge of the weight of the evidence and the credibility of witnesses, it is within his discretion to find that the evidence showed that appellant's attorney could not represent to the court that the witness would be available. We will not reverse that decision.

Appellant also claims that his attorney failed to offer evidence of a State's witness' bias against him. In the midst of appellant's trial, his attorney deposed State's witness William Hayes. That same day, appellant's mother filed charges against Hayes for the alleged rape of appellant's younger sister. Appellant's attorney was apprised of the charges after the deposition but before questioning Hayes on the stand. He extensively questioned Hayes, but did not introduce evidence of the charges.

We will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated mistakes, bad tactics, poor strategy or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the proceedings were reduced to a mockery of justice. *Leaver v. State,* (1981) Ind., 414 N.E.2d 959; *Hollon, supra.* Even if we assume the evidence was admissible to show bias, we do not find that such failure reduced the proceedings to a mockery of

justice. We will not disturb the post-conviction judge's ruling that failure to introduce evidence of bias does not constitute incompetency of counsel in this case.

The post-conviction court is in all things affirmed.

All Justices concur.