**Gary Dean CHAMPION, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 683S240.

Supreme Court of Indiana.

June 7, 1985.

J. Michael Trueblood, Trueblood, Fountain, Graham, and O'Reilly, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant entered a plea of guilty to Aiding in the Commission of a Felony:

Robbery. He was sentenced to thirty (30) years. Appellant's Petition for Post-Conviction Relief was denied.

The facts are: David Lyons discussed with appellant and another friend, Ward Jolly, the possibility of robbing a service station. The trio formulated their plan in discussions which lasted for nearly a week. During these discussions Lyons indicated that it was very likely that the attendant at the station and any other witnesses to the robbery would be killed.

Lyons would enter the station and commit the robbery while appellant and Jolly remained in the car as lookouts. They drove to the station at 1:00 A.M. and determined that only one attendant was on duty. However, there were several customers in the station and they decided it would be prudent to return later. At approximately 4:00 A.M. they determined the station was empty, save the attendant. They parked in the service station lot. Lyons entered the service station with a shotgun. Lyons killed the attendant and obtained nearly $1500 in cash. While Lyons was in the service station, appellant remained in the car.

Appellant was arrested shortly thereafter. On November 28, 1978, the State filed a two-count Information. Count I alleged Aiding in the Commission of a Felony: Felony Murder and Count II Alleged Aiding in the Commission of a Felony: Murder. The State had the option of seeking the death penalty under this Information. *See* Ind.Code § 35–50–2–9(b)(1) and Ind.Code § 35–41–2–4.

Following nearly a year of pretrial activity, which included extensive plea bargain negotiations, the State amended the Information to allege a third count. This count charged appellant with Aiding in the Commission of a Felony: Robbery. Appellant pled guilty to this third count and Counts I and II were dismissed.

Appellant seeks the reversal of a denial of post-conviction relief. He is entitled to this relief only when the evidence is without conflict and leads unerringly to a

conclusion contrary to the one reached by the trial court. *Hemphill v. State* (1984), Ind., 461 N.E.2d 126.

■ Appellant first contends his guilty plea was not freely, knowingly and intelligently given. He maintains the plea was made under the coercive pressure of a threat of capital punishment which had no legitimate basis. He cites *Nash v. State* (1981), Ind.App., 429 N.E.2d 666, for support. This Court has indicated a bargained plea, motivated by an improper threat, is to be deemed illusory and a denial of substantive rights. *Gibson v. State* (1983), Ind., 456 N.E.2d 1006.

Appellant argues the representations made concerning the seeking of the death penalty were threats to do what the law would not permit and thus the threat was illusory. As noted above, the law in existence at the time of the plea did permit the State to seek the death penalty. However, two and one-half years later the United States Supreme Court decided the case of *Enmund v. Florida* (1982), 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140.

In *Enmund* the Court found the imposition of the death penalty was violative of the Eighth and Fourteenth Amendments for the defendant who aids in the commission of a felony which results in death when the defendant did not take life, attempt to take life or intend to take life. This Court discussed the rule in *Enmund* in *Resnover v. State* (1984), Ind., 460 N.E.2d 922, where we said:

> "*Enmund* therefore dictates the rule that although vicarious liability for crimes perpetrated by one's confederates can justify one's conviction for said crimes, the imposition of death upon a vicariously guilty defendant must be based on '*his* culpability, not on that of those who committed the robbery and shot the victims, for [the United States Supreme Court] insist[s] on "individual consideration as a constitutional requirement in imposing the death sentence." ' *Enmund*, 458 U.S. at 798, 102 S.Ct. at 3377, 73 L.Ed.2d at 1152 (quoting *Lockett v. Ohio*, (1978) 438 U.S. 586, 605, 98

S.Ct. 2954, 2965, 57 L.Ed.2d 973, 990); *See also Woodson* [*v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) ], *supra*. The *Enmund* court specified that 'For purposes of imposing the death penalty, [the defendant's] ... punishment must be tailored to his personal responsibility and moral guilt.' *Enmund*, 458 U.S. at 801, 102 S.Ct. at 3378, 73 L.Ed.2d at 1154." Id. at 935.

Appellant contends the death penalty, had it been sought and imposed under the facts of the instant case, would have been violative of *Enmund* and the sentence would have been vacated. This, he argues, is what makes the threat of the death penalty illusory and improper.

We do not agree. The focus of *Nash* and *Gibson* is on the activity of the State at the moment the plea is entered. At that moment the State must possess the power to carry out any threat which was a factor in obtaining the plea agreement which was accepted. The lack of that real power is what makes the threat illusory and causes the representation to take on the characteristics of a trick.

Notwithstanding a later change in the law, which at most is only arguably applicable, the threat appellant faced at the time of the plea was real and solidly based on the law. The State was well positioned to execute its threat had the cause proceeded to trial. We thus find this case is clearly distinguishable from *Nash*. The State properly used a legitimate tool of plea bargaining, the threat of a more severe punishment, to induce a guilty plea. *Holmes v. State* (1980), 272 Ind. 435, 398 N.E.2d 1279.

We also note the case at bar is distinguishable from *Enmund* on two grounds. First, the death penalty was not sought in this case, thus on its face *Enmund* does not apply. Secondly, the fact pattern of this case establishes appellant's personal culpability in a manner not present in *Enmund*.

■ Appellant contends the trial court which accepted the guilty plea erred by

failing to provide the proper advisements. He maintains the court, when accepting a guilty plea induced by the threat of capital punishment, must advise as to the factors necessary for the imposing of the death penalty. We believe it would be ludicrous to require a trial judge to advise a defendant, prior to accepting a guilty plea for one charge, of the ramifications of another charge the defendant does not face. Appellant was not pleading to a charge for which the death penalty was applicable. We find no merit in this argument.

Lastly, appellant contends his plea was not freely and voluntarily given, in that it was the product of a fear that appellant would receive the death penalty if he proceeded to trial with court-appointed counsel. Appellant does not assert trial counsel was ineffective. Rather, he contends an air of mutual distrust existed between counsel and himself. He argues that the air of mistrust forced him to plead guilty rather than run the risk of standing trial. This problem was brought to the attention of the court on two occasions prior to the guilty plea hearing. At the conclusion of the first hearing, appellant indicated a willingness to continue the services of court-appointed counsel. The second hearing resulted from counsel's motion for leave to withdraw. The court heard evidence on the degree of distrust between the parties and then denied the motion.

As a part of the guilty plea hearing, the court again inquired of appellant concerning his satisfaction with the services of counsel. Appellant indicated he was satisfied with the representation provided. Appellant did offer, at the post-conviction hearing, that both he and counsel had, at one time or another, expressed doubts concerning the ability of the two parties to work together. However, after reviewing the transcripts of the two hearings and the guilty plea hearing, we find evidence to support the finding of the trial court.

It is clear appellant was a frightened and confused young man who was receiving conflicting advice from counsel, his parents and various jailhouse jurists. This natural-ly produced indecision and distrust in appellant. Appellant has not demonstrated this distrust operated to vitiate the voluntary nature of the plea. Appellant had provided the police with a confession. In addition, Jolly had pled guilty to a reduced charge and was prepared to testify against appellant if the cause went to trial. We believe this evidence supports the finding of the trial court that the guilty plea was voluntarily entered.

The trial court is in all things affirmed.

All Justices concur except HUNTER, J., who is not participating.