**Phillip DANIELS, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 85S00–8712–PC–1186.

Supreme Court of Indiana.

Dec. 29, 1988.

Susan K. Carpenter, Public Defender, Kenneth L. Bird, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On August 14, 1978, Phillip Gordon Daniels pleaded guilty to second degree murder pursuant to a plea recommendation which provided the State would dismiss a felony murder count and Daniels would receive a life sentence. On May 14, 1985, Daniels filed a *pro se* petition for post-conviction relief, which was subsequently denied. Daniels directly appeals that denial claiming his guilty plea was not entered knowingly, intelligently, and voluntarily.

■ An appellant is entitled to the reversal of a denial of post-conviction relief only when the evidence is without conflict and leads unerringly to a conclusion contrary to the one reached by the trial court. *Champion v. State* (1985), Ind., 478 N.E.2d 681, 682–83.

Daniels maintains the plea was made under the coercive pressure of Prosecutor Thomas J. Mattern's threat of capital punishment which had no legitimate basis. Daniels claims Prosecutor Mattern told him or implied to him that he would seek the death penalty if Daniels did not plead guilty. Daniels stated he pleaded guilty to avoid the death penalty. Here, both Daniels and the State agree there was no possibility the death penalty could have been imposed.

■ It is true that a bargained plea, motivated by an improper threat, is to be deemed illusory and a denial of substantive rights. *Champion*, 478 N.E.2d at 683. At the moment the plea is entered, the State must possess the power to carry out any threat which was a factor in obtaining the plea agreement which was accepted. The lack of that real power is what makes the threat illusory and causes the representation to take on the characteristics of a trick. *Id.*

However, at the hearing on the post-conviction petition, Prosecutor Mattern stated while he probably talked with Daniels since Daniels was a witness against his co-defendant, he did not remember whether they discussed penalties. The post-conviction court found no death penalty threat was made to Daniels. In its Findings of Fact and Conclusions, the trial court stated:

> Finally, the Court has considered and rejected the Petitioner's claim that he was threatened with the death penalty. The Indiana Statute had been ruled unconstitutional almost one year prior to the charge against Petitioner. The only person with any memory of such a threat was the Petitioner. Petitioner[']s testimony that he received such a threat and didn't tell his attorney, or even ask his attorney of the possibility, is beyond the pale of reason.

Daniels challenges the post-conviction court's conclusion that he was not threatened with the death penalty.

As evidence that his plea was induced by threats of the death penalty, Daniels asserts he received no benefits in exchange for his guilty plea. He challenges the post-conviction court's finding that he entered his plea to allow him to receive a possibility of earlier clemency or parole claiming he did not receive that benefit. He claims he would have been eligible for clemency or parole at the same time whether he was convicted of murder in the first degree or murder in the second degree. However, while it may be that eligibility for clemency or parole would occur at the same time in both first and second degree murder, one convicted of second degree murder would be more likely to receive clemency or become paroled than would one convicted of murder in the first degree. Thus, the plea agreement did provide Daniels the benefit of an increased possibility of earlier clemency or parole.

 A defendant may lawfully enter into any plea agreement which remains within the bounds of the charging statute whether it be for the minimum or the maximum penalty provided. *Payton v. State* (1987), Ind., 507 N.E.2d 579, 580 (the plea

agreement provided for more than the presumptive sentence). Daniels was represented by counsel at the time of his plea. At his guilty plea hearing, the trial judge advised Daniels that the maximum penalty he could receive for second degree murder was a life sentence and the minimum he could receive was 15 to 20 years. Daniels signed a written plea agreement which recommended that in exchange for a plea of guilty, the State would recommend a life sentence. Daniels acknowledged he entered into the plea agreement voluntarily and that his plea was not the result of any undue influence, coercion, or promises. Daniels then told the judge that no one threatened him or did anything to make him enter the plea agreement. Daniels received exactly what he agreed to. He fails to present evidence which leads unerringly to the conclusion he pleaded guilty only to avoid the death penalty.

The post conviction court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.