Mark MARSHALL, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 79A02–9111–PC–523.

Court of Appeals of Indiana, Second District.

April 21, 1992.

Transfer Denied June 4, 1992.

628

Jane Ruemmele, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

SHIELDS, Judge.

Mark Marshall appeals the denial of his petition for post-conviction relief.

We affirm.

### ISSUES

1. Whether Marshall's guilty pleas were knowing, voluntary, and intelligent.

2. Whether the trial court improperly aggravated Marshall's sentence.

### FACTS

Marshall was charged with several felonies and misdemeanors. In Cause No. S-5507, Marshall was charged with five counts of theft and one count of burglary alleged to have occurred on or about December 29, 1986. In Cause No. S-5498, Marshall was charged with one count of robbery, one count of confinement, and one count of intimidation, all alleged to have occurred on or about November 20, 1986. Cause S-5525 included one count of arson that allegedly occurred on or about January 8, 1987, a second count of arson that allegedly occurred on or about the 11th day of January, 1987, and a third arson count which allegedly occurred on or about March 6, 1987. Cause No. TC–MT–9682–86 charged Marshall with disorderly conduct, public indecency, two counts of battery, minor consuming alcoholic beverages, criminal mischief, and resisting law enforcement, all of which allegedly occurred on or about November 21, 1986.

On March 17, 1987, Marshall agreed to plead guilty to robbery, a class C felony,[1] in Cause No. S-5498, and to plead guilty to

---

1. *See* IC 35–42–5–1 (1988).

one count of arson, a class B felony,[2] in Cause No. S–5525. He also agreed to give a "clean up" statement detailing his involvement in various crimes and to take a polygraph examination regarding the "clean up" statement. In return, the State agreed to dismiss the remaining charges if Marshall passed the polygraph examination. The agreement did not contain a sentencing provision.

At the guilty plea hearing, the trial court advised Marshall of the rights he would be waiving by pleading guilty. Marshall asserted he understood these rights and wished to waive them and plead guilty. Marshall also informed the court he did not suffer from any mental and emotional disability. At a subsequent hearing, the guilty plea court entered judgments of conviction for robbery and arson and sentenced Marshall to concurrent terms of imprisonment of six and fifteen years, respectively. Marshall's petition for post-conviction relief was denied. He appeals.

## DISCUSSION

### I.

Marshall claims his guilty pleas were not voluntary, knowing and intelligent because they were induced by the State's illusory threat of overcharging him, he was not allowed to withdraw his pleas although the plea agreement contained an unconscionable term, his guilty pleas were induced by misadvice as to the sentence he would receive, and, finally, his pleas were involuntary because he was incompetent.

### A.

■ Citing *Nash v. State* (1981), Ind. App., 429 N.E.2d 666, and *Daniels v. State* (1988), Ind., 531 N.E.2d 1173, Marshall claims he was improperly induced to plead guilty by the State's illusory threat of "overcharging" him in Causes S–5498 and S–5507. The illusory threat to which Marshall refers is the State filing counts for theft, confinement, and intimidation for which he could not have been convicted and sentenced because they were either the same offense for double jeopardy purposes or single larcenies.[3]

■ In Cause No. S–5498, Marshall was charged with robbery, confinement, and intimidation. However, as charged, the confinement and the intimidation were the means by which the robbery was committed, i.e., the intimidation count charged the threat of force alleged in the robbery count and the confinement count alleged the restraint on Marshall's freedom occurring during the robbery. Therefore, assuming Marshall was found guilty on all counts, he could have been convicted and sentenced for robbery only.

In Cause No. S–5507, Marshall was charged with one count of burglary and five counts of theft. In this cause, Marshall could have been convicted and sentenced for the burglary and only two counts of theft. His conviction and sentence on the remaining theft counts would have been prohibited under the single larceny rule because these counts involved property of multiple individuals taken simultaneously.

■ Marshall is correct in his claim that "a bargained plea, motivated by an improper threat, is to be deemed illusory and a denial of substantive rights." *Daniels*, 531 N.E.2d at 1174 (citing *Champion v. State* (1985), Ind., 478 N.E.2d 681, 683.) However, the illusory threat is not a per se basis for relief; it must be a motivating factor for the plea. *See Gibson v. State* (1983), Ind., 456 N.E.2d 1006, 1009 ("A bargain motivated by [an] improper threat is deemed to be illusory and results in a denial of substantive rights."); *See also Lassiter v. Turner* (1970), 4th Cir., 423 F.2d 897, 900, *cert. denied*, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 ("[A] threat by a prosecutor to do what the law will not permit, if it

---

**2.** *See* IC 35–43–1–1(a) (1988).

**3.** According to the single larceny rule, when several articles of property are taken at the same time, from the same place, belonging to the same person or several persons, there is but a single larceny and only one offense. *See Raines v. State* (1987), Ind., 514 N.E.2d 298, 300.

motivates a defendant ignorant of the impossibility, renders the plea involuntary.").

The issue, then, is whether Marshall met his burden of proving that his pleas were *induced* by an improper threat. First, "[t]he State is not required to dismiss alleged repetitive charges where the information complies with its statutory requirements." *Schweitzer v. State* (1989), Ind., 531 N.E.2d 1386, 1387. Although a defendant charged and found guilty may not be convicted and sentenced more than once for the same offense or for a single larceny,[4] the State has unrestricted discretion to file alleged repetitive charges. This unrestricted discretion prevents any of the multiple counts from being considered as illusory within the meaning of *Nash* and *Daniels* merely because they are filed. Of course, the situation would be very different if Marshall actually had been told that he could be convicted and sentenced on each of the counts in question. The record fails to reveal that Marshall was so advised; neither does Marshall claim he was advised that he could be convicted and sentenced on all counts in all causes.

Second, at his post-conviction hearing Marshall was asked, "What was the reason why you plead guilty?" Record at 336. In response, Marshall testified:

> Because when I talked to my, ah, Public Defender, George Wilder in the conference room and the courtroom, he told me that if I go ahead continue with this, I would get six (6) years for it.

*Id.* Later, Marshall was asked the following questions and gave the following responses:

> Q. And you thought it was a really good deal, that you were going to plead and dismiss most of these charges, right?
> A. Right.
> Q. But you still thought you were going to get the minimum sentence; was that correct?
> A. Right.

Record at 345. This testimony supports the post-conviction court's determination that Marshall failed to meet his burden of proving the necessary nexus between the multiple charges and his decision to plead guilty, i.e., the inducement. This conclusion finds further support in the reasonable inference that Marshall's motivation to plead guilty was to put a ceiling on his sentences. Without this plea agreement, Marshall faced the possibility of three consecutive twenty-year terms should he be convicted of the three counts of arson; with the plea agreement, the maximum time he faced was consecutive sentences of twenty years and eight years, respectively.

### B.

Marshall claims his guilty pleas are not voluntary because the unconscionability of the plea agreement constituted a fair and just reason for the guilty plea court to grant him leave to withdraw his pleas and yet the guilty plea court denied his motion.

At any time prior to imposing sentence, the guilty plea court may allow a defendant to withdraw his guilty plea "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." IC 35–35–1–4(b) (1988). A motion to withdraw a guilty plea "shall be in writing and verified." *Id.* Marshall made a written but unverified motion to withdraw his pleas. Thus, the motion was properly denied.

Further, Marshall claims, based upon principles of contract law, that he should have been permitted to withdraw his guilty pleas because the plea agreement was unconscionable and he "was technically in breach of the agreement at the time he moved to withdraw his guilty plea." Appellant's Brief at 19. Marshall refers to his refusal, upon advice of counsel, to give a clean-up statement and submit to a polygraph examination, part of his consideration for the State's dismissal of the charges to which Marshall did not plead guilty. The State did not seek rescission and/or

---

4. *See* IC 35–38–1–6 (1988); *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 506–08; *Raines v. State* (1987), Ind., 514 N.E.2d 298, 300.

enforcement of the provision in question. Therefore, Marshall cannot complain about the provision, assuming it is unconscionable. Further, a defendant cannot *force* rescission of a plea agreement or any other contractual agreement by his or her unilateral breach.

## C.

Marshall claims his plea was not voluntary, knowing, or intelligent because he was misadvised by his guilty plea counsel that he would receive only a six-year sentence. Marshall's attorney submitted an affidavit to the post-conviction court stating he "did not tell ... Marshall he would receive a particular sentence as the plea agreement in these cases provided for no specific sentence." Record at 243. Marshall merely asks us to reweigh the evidence and redetermine witness credibility. We will not do so.

## D.

At sentencing, Marshall asked permission to proceed *pro se*. After the court discussed the dangers of proceeding *pro se* with Marshall, Marshall consulted with his attorney. Marshall's attorney then requested that Marshall be psychologically evaluated before being sentenced. Marshall's attorney stated, "To me he's indicated that he may not be competent to understand what he is doing[,]" Record at 278, and added, "[H]is behavior has been somewhat irratic (sic) and I am asking the court to have him evaluated for—before he is sentenced," Record at 280. The guilty plea court denied the request.

Marshall's burden in the context of seeking post-conviction relief is to prove his plea was involuntary, unknowing and unintelligent because he was incompetent at the time. Marshall offered no evidence on this issue whatsoever other than the transcript of his sentencing hearing which contained the self-serving and conclusory statements of his counsel. Neither these statements, nor Marshall's failure to comply with the clean-up and lie detector terms of the plea agreement upon advice of counsel, nor his half-hearted request to proceed *pro se*

raised a legitimate question of Marshall's competency. Further, Marshall's lengthy one-on-one exchange with the court at his guilty plea hearing does not indicate confusion or other signs of incompetency. Hence, we can only conclude the post-conviction court did not err when it concluded Marshall's pleas were voluntary, knowing and intelligent.

## II.

Marshall claims the post-conviction court erred when it determined the guilty plea court's sentencing statement is adequate to support his sentence. He argues the guilty plea court failed to make a sufficient factual finding in support of its use of his criminal history as an aggravating circumstance. Marshall also argues that because endangering lives is an element of arson as charged, the guilty plea court erred in using this as an aggravating circumstance when imposing his sentence.

The decision to impose an enhanced sentence is a matter within the sound discretion of the sentencing court. *Slaton v. State* (1987), Ind., 510 N.E.2d 1343, 1351. If a sentencing court finds aggravating or mitigating circumstances, the record must include a statement of the court's reasons for selecting the sentence imposed. IC 35-38-1-3 (1988); *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1201. The statement should identify all significant mitigating and aggravating circumstances found, specify facts and reasons which support the circumstances found by the court, and show that the court evaluated and balanced the aggravating and mitigating circumstances in determining the sentence imposed. *Slaton*, 510 N.E.2d at 1351. In articulating the aggravating or mitigating circumstances, the sentencing court should not merely recite statutory language. *Townsend*, 498 N.E.2d at 1201.

The guilty plea court found Marshall's extensive criminal history constituted an aggravating circumstance. At the sentencing hearing, the court noted Marshall was nineteen years old, had a history of eighteen offenses as a juvenile and five

offenses as an adult, and was on probation when he committed the instant offenses. The court also noted Marshall had previously been placed at the Indiana Boys School and in the Cary Home in addition to extensive opportunities on probation. These factual findings are sufficient to support the guilty plea court's use of Marshall's criminal history as an aggravating circumstance in determining Marshall's sentence.

The second aggravating circumstance found by the court was the possible danger to the lives of others by the acts of arson. This possible danger to life also was an element of the arson as charged and, without particularized individual circumstances, may not constitute a separate aggravating circumstance. *Townsend,* 498 N.E.2d at 1201. Where the sentencing court has used an improper aggravating circumstance to enhance a sentence but other aggravating circumstances are adequate to support the sentence imposed, we will affirm the sentence. *Serano v. State* (1990), Ind.App., 555 N.E.2d 487, 494. Here, without doubt, the sentencing court would have imposed the instant sentence considering only Marshall's criminal history.

Judgment affirmed.

MILLER and BUCHANAN, JJ., concur.