## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Victoria Christ
Deputy Public Defender
Indianapolis, Indiana

**ATTORNEY FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adris Bailey,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

March 25, 2015

Court of Appeals Case No.
49A02-1408-PC-549

Appeal from the Marion Superior Court

The Honorable Steven Eichholtz, Judge and the Honorable David Seiter, Commissioner

Cause No. 49G20-1004-PC-034280

## Mathias, Judge.

[1] Adris Bailey ("Bailey") pleaded guilty in Marion Superior Court to two counts of Class B felony attempted robbery. He was ordered to serve an aggregate sentence of twenty-eight years. Bailey subsequently filed a petition for

postconviction relief arguing that his guilty plea was not knowing, intelligent, and voluntary, and that he received ineffective assistance of counsel. The trial court denied Bailey's petition for post-conviction relief. Bailey appeals and raises two issues, which we restate as:

> I. Whether Bailey's guilty plea was knowing, intelligent, and voluntary and
>
> II. Whether Bailey received ineffective assistance of trial counsel.

Concluding that the post-conviction court properly denied Bailey's petition for post-conviction relief, we affirm.

## Facts and Procedural History

On April 28, 2010, an undercover officer with the Indianapolis Metropolitan Police Department ("IMPD") contacted Bailey by telephone and arranged to meet Bailey at a gas station on the city's east side to purchase $100 worth of marijuana and some cocaine. Bailey and two undercover IMPD officers eventually met at another location, the parking lot of a Family Dollar store. Bailey entered the officers' truck through the passenger side door. After the officers paid Bailey the $100, Bailey pulled out a baggie of cocaine then a handgun and ordered the officers to give him all of their cash. The officer sitting in the middle seat of the truck, next to Bailey, managed to disarm Bailey after a brief struggle. At this point, several uniformed IMPD officers who were stationed nearby descended on the scene and arrested Bailey.

The next day, April 29, 2010, the State charged Bailey with Class B felony conspiracy to deal cocaine, Class B felony dealing in cocaine, Class C felony

possession of cocaine and a firearm, Class D felony possession of cocaine, two counts of Class B felony attempted robbery, and Class C felony carrying a handgun without a license.

[4] Public defender Nicholas McGuinness ("McGuinness") was appointed to represent Bailey. According to Bailey, at some point during plea negotiations, McGuinness incorrectly advised Bailey that he faced an aggregate sentence of up to sixty-five years if he were convicted of all of the charges brought against him. In actuality, because of a statutory cap on consecutive sentences imposed for non-violent crimes arising from a single episode of conduct, Bailey faced a maximum aggregate sentence of 30 years.[1] Bailey ultimately decided to enter into an open plea agreement, whereby he agreed to plead guilty to the two Class B felony attempted robbery charges and the State dismissed the remaining charges. At Bailey's guilty plea hearing, the Commissioner presiding over the

---

[1]Indiana Code section 35-50-1-2(c) provides:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Indiana Code section 35-50-1-2(a)(12) identifies robbery while armed with a deadly weapon and robbery resulting in serious bodily injury as crimes of violence but does not identify attempted robbery as a crime of violence. *Reed v. State*, 856 N.E.2d 1189 (Ind. 2006) (in general, trial court cannot order consecutive sentences in the absence of express statutory authority). Also, the two counts of attempted robbery to which Bailey pleaded guilty—one for each of the undercover officers—constituted a single episode of conduct, which is statutorily defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35-50-1-2(b). *See Dimmitt v. State*, No. 79A02-1406-CR-443, 2015 WL 386420 (Ind. Ct. App. Jan. 28, 2015) (concluding that misdemeanor battery convictions arose out of single "episode of criminal conduct" where, although batteries were committed against two separate victims, the two batteries took place just a few minutes apart, occurred as part of the same conflict, in the same place, and between the same groups of people).

Because Bailey pleaded guilty to two Class B felonies, neither of which the Indiana Code expressly designates as crimes of violence, and which constituted a single episode of conduct, the total of his consecutive terms of imprisonment could not exceed the advisory sentence for a Class A felony, which is thirty years.

hearing indicated to Bailey first that his maximum exposure was sixty-five years and then that his maximum exposure was forty years.

[5] The trial court held a sentencing hearing on November 22, 2010. At the hearing, McGuinness argued that Bailey's maximum sentencing exposure was thirty years, pursuant to the statutory consecutive sentence cap. In sentencing Bailey, the trial court found as mitigating that Bailey pleaded guilty to two counts of attempted robbery and as aggravating Bailey's criminal history. At the time he was sentenced, twenty-two year old Bailey had acquired eleven juvenile referrals, including robbery, battery, theft, and receiving stolen property referrals. He had three prior felony convictions, including theft, receiving stolen property, and battery of a minor, and two misdemeanor convictions. He had also violated probation and was on probation at the time of the attempted robberies. After determining that the aggravating factors outweighed the mitigating factors, the trial court sentenced Bailey to two consecutive terms of fourteen years, for an aggregate sentence of twenty-eight years.

[6] On September 12, 2013, Bailey filed a petition for post-conviction relief[2] alleging ineffective assistance of trial counsel and, more specifically, that McGuinness incompetently failed to advise Bailey during plea negotiations that his sentence would be statutorily capped at thirty years. Bailey also argued that his guilty plea was illusory and that McGuinness, the State, and the trial court

---

[2]Bailey apparently did not pursue a direct appeal.

coerced him into entering into the plea agreement by threatening him with a sentence of sixty-five years.

[7] At the post-conviction proceeding, McGuinness testified that he thought had told Bailey during plea negotiations that he would argue that the consecutive sentence cap applied in Bailey's case and limited his exposure to thirty years. McGuinness also admitted that he had incorrectly agreed with the trial court when, during Bailey's guilty plea hearing, the court stated first that Bailey's maximum exposure was sixty-five years, then that he faced up to forty years. Bailey testified that if he had known that his sentence would be capped a thirty years, he would have insisted on a trial because he felt that he could "beat some of the cases." Tr. p. 19.

[8] On July 17, 2014, the post-conviction court denied Bailey's petition for relief. In its order, the court stated:

> The Court does not believe the Petitioner's representation that he thought his exposure of trial was sixty-five years. Instead, the Court finds that the Petitioner wanted to receive the benefit of mitigation for admitting to the two charges that he and his counsel felt the State would be able to prove.
>
> * * *
>
> The record demonstrates that even though the Petitioner's attorney was initially wrong about the exposure of time he could have received at trial (65 years), he was correct at sentencing by arguing that the Court was limited in the "open plea" to thirty years. Both the Petitioner in his own words and his counsel argued to the Court that the Petitioner had been willing to plea to the two attempted robbery charges from the beginning of the case. Mr. McGuinness argued that his client recognized he "wasn't receiving much benefit to taking an open plea" but sought benefit in the form of mitigation from the Court

> for taking responsibility for his conduct. The Court, in turn, acknowledged that the Petitioner did receive benefit from pleading guilty and cites the Petitioner's plea as his only mitigating circumstance. The Petitioner ultimately received a sentence lesser than what he could have legally received under the open plea.
>
> The Court thus finds that Petitioner has not met his burden of proof in showing that he was prejudiced by his trial counsel's representation[.]

Appellant's App. p. 184. As to Bailey's argument that his plea was coerced by threats from the State, the post-conviction court found that Bailey failed to meet his burden of proof "for the reasons shown above," namely, that the court disbelieved Bailey's claim that the only reason he entered into the plea agreement was that he believed he faced up to sixty-five years imprisonment, and that Bailey was not prejudiced since he received a sentence less than the maximum.

[9]     Bailey now appeals.

## I. Involuntary or Illusory Guilty Plea

[10]     Bailey contends that the post-conviction court clearly erred in denying his claim that his guilty plea was not knowing, intelligent, and voluntary. Specifically, Bailey argues that McGuinness, the State, and the trial court coerced him into entering into the plea agreement by leading him to believe he could receive up to sixty-five years imprisonment.

[11]     A plea bargain motivated by an improper threat is deemed illusory and a denial of substantive rights. *Champion v. State,* 478 N.E.2d 681, 683 (Ind. 1985) (citing *Gibson v. State,* 456 N.E.2d 1006, 1009 (Ind. 1983)). The State must possess, at

the moment a guilty plea is entered, the power to carry out any threat that was a factor in obtaining the plea agreement. *Daniels v. State,* 531 N.E.2d 1173, 1174 (Ind. 1988). "'[A] threat by a prosecutor to do what the law will not permit, if it motivates a defendant ignorant of the impossibility, renders the plea involuntary.'" *Munger v. State,* 420 N.E.2d 1380, 1387 (Ind. Ct. App. 1981) (quoting *Lassiter v. Turner,* 423 F.2d 897, 900 (4th Cir.1970), *cert. denied* ).

[12] In *Segura v. State,* 749 N.E.2d 496 (Ind. 2001), the defendant pleaded guilty to dealing in cocaine and, in a subsequent post-conviction proceeding, sought to set aside that plea on the basis that his trial attorney had been ineffective for failing to advise him of the possibility of deportation if he pled guilty. With respect to a claim that a defendant has received incorrect advice as to penal consequences of a plea, the court stated:

> Whether viewed as ineffective assistance of counsel or an involuntary plea, the post-conviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and post-conviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the post-conviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice.

*Id.* at 504–05.

[13] The court went on to hold that a defendant seeking to set aside a guilty plea on the basis of incorrect advice as to penal consequences need not establish his or her actual innocence, or in other words, need not establish that the ultimate

result of a full trial and sentencing would have been more favorable than the result of the guilty plea. *Id.* at 507. Rather, the court held:

> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised.... [A] petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."
>
> . . . [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Id.* (quoting *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Citing *Segura,* our court later held that "when an error in advice supports a claim of intimidation by exaggerated penalty, a petitioner must establish specific facts that lead to the conclusion that a reasonable defendant would not have entered a plea had the error in advice not been committed." *Willoughby v. State,* 792 N.E.2d 560, 564 (Ind. Ct. App. 2003), *trans. denied.*

[14]     Although *Segura* and *Willoughby* dealt specifically with ineffective assistance of counsel claims, the standard they established is equally applicable to straightforward claims of an involuntary or illusory plea. *Segura* expressly refers to both ineffective assistance and involuntary plea claims. *See Segura,* 749

N.E.2d at 504; *see also Willoughby,* 792 N.E.2d at 563 (stating "it is immaterial whether [a defendant's] claim is of an involuntary plea or ineffective assistance of counsel.").

[15] Here McGuinness admitted that, during plea negotiations, he improperly agreed with the trial court that Bailey could receive up to sixty-five years imprisonment if convicted on all charges. However, Bailey failed to present specific evidence, except for his own self-serving testimony, that he would have rejected the plea offer if he had been correctly advised of the law. The post-conviction court heard Bailey's testimony and disbelieved Bailey's claim that he only accepted the plea offer because he believed that he faced up to sixty-five years imprisonment if the case went to trial. The court noted McGuinness's testimony that Bailey planned to enter into a plea agreement from the initial stages of the case, since the evidence against him was overwhelming and he sought to use his guilty plea as a mitigator to weigh against his extensive criminal history. *See* Sentencing Tr. pp. 77-78; Appellant's App. pp. 185-86. Although Bailey's sentence was only two years less than the maximum sentence, in light of Bailey's criminal history and the evidence against him, Bailey was still benefited, not prejudiced, by entering into his plea agreement. Therefore, under these facts and circumstances, we conclude that Bailey's plea was entered knowingly, intelligently, and voluntarily.[3]

---

[3]Another panel of this court recently issued an opinion concluding that a defendant who pleaded guilty to avoid what he believed was a maximum sentence of 141 years when in fact the maximum sentence was 111 years demonstrated a reasonable probability that the hypothetical reasonable defendant would have decided to go to trial if properly advised. See *Springer v. State*, 952 N.E.2d 799 (Ind. Ct. App. 2011). However,

## II. Ineffective Assistance of Counsel

[16] "To establish a post-conviction claim alleging violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Garrett v. State,* 992 N.E.2d 710, 718 (Ind. 2013).

[17] First, a defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as counsel guaranteed to the defendant by the Sixth Amendment. Second, a defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* at 718-19 (citations omitted).

[18] We initially observe that "[t]here are two different types of ineffective assistance of counsel claims that can be made in regards to guilty pleas: (1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences." *McCullough v. State,* 987 N.E.2d

---

*Springer* is factually distinguishable from the present case. The difference between a 141-year sentence and a 111-year sentence is significant, since the former would likely amount to a life sentence where the latter might not. Here, although Bailey insists that he initially believed that his maximum sentence was sixty-five years, the trial court told Bailey at his guilty plea hearing that the maximum he faced was forty years, where the maximum he actually faced was thirty years. The difference in these two sentences amounts to five years of actual time served, which, unlike in Springer, does not determine whether or not Bailey will spend rest of his life in prison.

1173, 1176 (Ind. Ct. App. 2013) (citing *Segura v. State,* 749 N.E.2d 496, 500 (Ind.2001)); *see also Smith v. State,* 770 N.E.2d 290, 295 (Ind. 2002). Bailey alleged and proved that McGuinness misstated the law. *See Truiillo v. State,* 962 N.E.2d 110, 114 (Ind. Ct. App. 2011) (distinguishing between claims of "intimidation by exaggerated penalty or enticement by an understated maximum exposure" and "incorrect advice as to the law").

[19] However, Bailey must also establish prejudice, i.e. prove "by objective facts, circumstances that support the conclusion that [trial] counsel's errors in advice as to penal consequences were material to the decision to plead." *See Segura,* 749 N.E.2d at 507. Therefore, Bailey had to establish an objective reasonable probability that competent representation would have caused him not to enter a plea. *See id.*

[20] As noted above, Bailey failed to provide evidence, other than his own self-serving testimony, that he would not have entered into the plea agreement if he had been aware that his maximum exposure was only thirty years. In fact, the evidence indicates that at least part of Bailey's decision to enter into a plea agreement arose from his understanding that no reasonable probability existed of acquittal on the attempted robbery charges and his hope to use his guilty plea as a mitigator at sentencing. In light of the overwhelming evidence against Bailey and his substantial criminal history, Bailey was not prejudiced by entering into a plea deal that resulted in a sentence that was two years less than the maximum. We therefore conclude that Bailey's trial counsel was not ineffective.

## Conclusion

Because Bailey's guilty plea was knowing, intelligent, and voluntary, and he was not subjected to ineffective assistance of counsel, we affirm the post-conviction court's denial of his petition for post-conviction relief.

Affirmed.

Najam. J., and Bradford, J., concur.